UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JORDAN SMITHER                                                                                      PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:14-CV-P121-JHM

DEREK VONCKX et al.                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jordan Smither, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues Parole Officer Derek Vonckx, in his individual and official capacities, and the State of Kentucky's Office of Probation/Parole. He alleges that on May 9, 2014, Defendant Vonckx visited him at the Fayette County Detention Center, where Plaintiff was then incarcerated, and had Plaintiff sign a "reported instruction to show up to a halfway house in Owensboro Ky. called Dismas Charities." Plaintiff stated that he signed it but that Defendant Vonckx did not give him a copy of what he signed. He states that he was released from custody on May 12, 2014, with no transportation provided to him, despite his request for transportation.

According to the complaint, Plaintiff called the Probation/Parole Office in Lexington, Kentucky, and asked to speak to Defendant Vonckx. The receptionist denied his request because Defendant Vonckx was not the parole officer assigned to him in Daviess County (where Owensboro is located). He states that the receptionist denied his request to be connected to the Daviess County branch of probation/parole. Plaintiff further states that, because he had no

means of transportation he had to remain in Lexington and could not comply with the conditions of his parole. He was rearrested on August 7, 2014, on a parole violation for absconding. He states that on his return to the Fayette County Detention Center, Sargent Taylor informed him that the detention center was unaware of the conditions of release and was not given notification of transport.

Plaintiff alleges that his constitutional rights were violated when he was discriminated against for being an indigent, uneducated, young African-American male. As relief, he requests $10,000 in punitive damages, as well as release on parole.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Individual-capacity claim against Defendant Vonckx*

The doctrine of absolute immunity protects judges from civil liability when performing judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 363-64 (1978). This immunity has been extended to parole officers sued in their individual capacity when their duties are judicial in nature. *Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007). Informing Plaintiff of the terms of his parole is intimately associated with judicial proceedings. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (holding that parole officers enjoy absolute immunity from liability for actions taken in connection with their official duties as parole officers). Consequently, the § 1983 claim against Defendant Vonckx in his individual capacity must be dismissed for seeking relief from a defendant immune from such relief.

*Official-capacity claim against Defendant Vonckx and claim against Office of Probation/Parole*

When a plaintiff sues an employee of a state agency in his official capacity, the claims brought against the employee are deemed to be claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Here, the Court lacks subject-matter jurisdiction over Plaintiff's claims for punitive damages against the Office of Probation/Parole, a state agency, and against Defendant Vonckx, a state official, in his official capacity by operation of the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The

Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id*. (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young*, 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton*, 293 F.3d at 948. None of these exceptions exist in this case.

Because Plaintiff's claims for punitive damages against the Office of Probation/Parole and Defendant Vonckx in his official capacity are barred by the Eleventh Amendment, the Court will dismiss them under Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### *Request for release*

The only injunctive relief that Plaintiff requests is release from confinement. When the legality of a confinement is challenged so that the remedy would be a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and Plaintiff must comply with the requirement that state-court remedies are exhausted. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Therefore, Plaintiff's request for release from imprisonment is not cognizable in this § 1983 action. In the event that Plaintiff wishes to file a petition for writ of habeas corpus, the Clerk of Court is **DIRECTED** to send a 28 U.S.C. § 2254 packet to Plaintiff.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date: March 17, 2015

Joseph H. McKinley, Jr., Chief Judge<br>
United States District Court

cc: Plaintiff, *pro se* (w/ § 2254 packet)
     Defendants
4414.009